**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | No. 11-00303-01-CR-W-GAF |
| | ) | |
| **LONNIE GOODRICH** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is *pro se* Defendant Lonnie Goodrich's ("Defendant") Motion for Jurisdictional Challenge to Prosecution/Plaintiff and to the Court by Special Appearance. (Doc. # 9). The Court construes this Motion as a motion to dismiss for lack of subject matter jurisdiction.

On December 14, 2011, an Indictment was returned charging Defendant with one (1) count of managing and controlling a "drug house," in violation of 21 U.S.C. §§ 856(a)(2) and (b). (Doc. # 1). The Indictment reads:

> Beginning on or about December 14, 2006, and continuing to on or about September 23, 2009, said dates being approximate, in Jackson County, Missouri, within the Western District of Missouri, LONNIE GOODRICH, a/k/a "Daniel Watkins," a/k/a "Verdell Goodrich," defendant herein, managed and controlled a building, room or enclosure, to wit: the residence located at 4634 Chestnut Avenue, Kansas City, Missouri, and knowingly and intentionally made available for use said building, room or enclosure for the purpose of the use and distribution of cocaine base "crack," a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 856(a)(2) and (b).

(*Id.*). On January 9, 2012, Defendant filed this Motion. (Doc. # 9). Plaintiff The United States of America (the "Government") responded to Defendant's Motion on January 24, 2012. (Doc. # 17). Chief Magistrate Judge Robert E. Larsen subsequently issued a Report and Recommendation

1

denying Defendant's jurisdictional challenge. (Doc. # 23). On February 1, 2012, Defendant filed two (2) documents that appear to oppose the Report and Recommendation. (Docs. ## 28, 29).

In his Motion, Defendant advances a jurisdictional challenge stating, in pertinent part:

> The alleged Defendant, on special appearance, challenges, and demands proof of jurisdiction, appearing on the record, of the prosecution/plaintiff to file charges/suit and prosecute. And further the jurisdiction of the court, appearing on the record, in all actions against the alleged defendant. Verified notice and demand and consent given to present major objections to the continuing, non-constitutional actions absent proof of jurisdiction appearing on the record with relief being to dismiss this bogus action with prejudice.

(Doc. # 9, p. 2). Defendant's challenge is without merit.

Title 18 of the United States Code, § 3231 provides, in pertinent part: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. "[A] district court has jurisdiction of all crimes cognizable under the authority of the United States." *United States v. Cotton*, 535 U.S. 625, 630-31 (2002) (citation and internal quotations omitted). Here, Defendant has been indicted for a federal crime in violation of 21 U.S.C. §§ 856(a)(2) and (b). Because the Indictment sufficiently alleges violations of "the laws of the United States," subject matter jurisdiction exists. *United States v. Hayes*, 574 F.3d 460, 471-72 (8th Cir. 2009); *United States v. Montgomery*, No. 10-00187-01-CR-W-ODS, 2011 WL 976555 at * 3-4 (W.D. Mo. Feb. 22, 2011); *see also United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993) (stating 21 U.S.C. § 856(a) "fall[s] squarely under federal jurisdiction").

Following entry of the Report and Recommendation, Defendant objected, stating the Government had failed to state the Court's jurisdiction. (Doc. # 29). The Government sufficiently

demonstrated the Court possesses jurisdiction over this matter through the charges alleged in the Indictment.

Upon careful and independent review of the pending Motion, Defendant's objections to the Report and Recommendation, as well as the applicable law, this Court hereby adopts and incorporates as its own Opinion and Order the Report and Recommendation of United States Chief Magistrate Judge Robert E. Larsen. (*See* Doc. # 23). Accordingly, it is

**ORDERED** Defendant's Motion (Doc. # 9) is DENIED.

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: February 22, 2012